DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **JOHN FOY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **AMBIENT TECHNOLOGIES, INC.**, *et al*. | : | **NO. 07-92** |

MEMORANDUM OPINION

Savage, J.                                                                                                                  June 19, 2009

In this action for wrongful termination of employment and work-related personal injuries, we must determine whether an arbitration provision in the employment contract binds the entity that had a contract with the plaintiff's employer, but was not a party to the employment contract. In other words, we must decide whether a non-signatory to an agreement to arbitrate is a third-party beneficiary that is bound by the agreement.

The plaintiff, John Foy ("Foy"), claims he was fired by the defendant Ambient Technologies, Inc. ("Ambient") at the insistence of the Virgin Islands Water and Power Authority ("WAPA") after he fell and injured himself at a WAPA facility during the course of his employment with Ambient. He alleges that WAPA was retaliating for his having sustained an injury on the job and not reporting to work after the accident. He named as defendants Ambient, his employer; IDE Technologies, Ltd. ("IDE"), Ambient's parent company; Michael Tramer ("Tramer"), an IDE executive who negotiated the contract with Foy; and, WAPA. All claims against Ambient were dismissed for lack of service. In a related case against Ambient only, we granted Ambient's motion to compel arbitration and ordered the parties to proceed to arbitration.[1]

---

[1] The related case is *Foy v. Ambient Technologies, Inc.*, Civil Action No. 08-77.

Ambient had a contract with WAPA to supervise the operation and maintenance of desalinization units it had sold and supplied to WAPA. Ambient hired Foy to serve as a supervising engineer at WAPA's desalinization plants in the Virgin Islands. Foy signed an employment contract with Ambient to perform technical services "for his employer," who is identified as Ambient, under the "general supervision, advice and direction of Ambient and its supervisory personnel." The contract contained an arbitration provision.

The defendants argue that all of Foy's claims against all of the defendants are covered by the arbitration provision. Foy contends that WAPA was not a party to the employment agreement and it is not included in the list of entities covered by the arbitration agreement. Foy also maintains that arbitration of his personal injury claims against WAPA is precluded by the Workers Compensation Act and is unconscionable. Finally, he argues that Virgin Islands law, specifically 24 V.I.C. § 74a, precludes enforcement of the arbitration provision. IDE and Tramer are clearly embraced by the arbitration provision. WAPA, on the other hand, is not. Nor is it a third-party beneficiary of the arbitration agreement. Therefore, the motion to compel arbitration will be granted as to IDE and Tramer, and denied as to WAPA.

## Discussion

Foy's employment contract with Ambient contained an arbitration provision, which states that:

> "Employer and Employee mutually consent to the resolution by arbitration of all claims or controversies . . . that Employer may have against Employee or that Employee may have against any of the following (1) the Employer, (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) the Employer's parent, subsidiary and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators and agents, and/or (5) all

successors and assigns of any of them."

The arbitration provision also provides an illustrative and non-exclusive list of potential claims.

Although WAPA is referenced in the employment contract with Ambient and is a beneficiary of that contract, it is not a beneficiary of the arbitration provision because it is not a party with whom Foy had agreed to arbitrate his disputes. Accordingly, WAPA cannot enforce the arbitration provision and the claims against it may proceed.

Foy, however, did agree to arbitrate his claims against IDE, as the parent of Ambient, and Tramer, an Ambient employee. The agreement is not unenforceable under 24 V.I.C. § 74a. Therefore, the motion will be granted as to IDE and Tramer.

### WAPA Cannot Enforce the Arbitration Provision

A third-party beneficiary may enforce an arbitration agreement. *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 195 (3d Cir. 2001) ("whether seeking to avoid or compel arbitration, a third-party beneficiary has been bound by contract terms where its claim arises out of the underlying contract to which it was an intended third-party beneficiary."). Only intended beneficiaries of a contract are entitled to enforce arbitration provisions of a contract, and then only if the dispute is covered by the contract. *KMart Corp. v. Balfour Beatty, Inc.*, 994 F.Supp. 634, 636 (D. V.I. 1998).

Section 302 of the Restatement (Second) of Contracts[2] defines an intended beneficiary:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary

---

[2] "In the absence of local law to the contrary, the Restatement is the authoritative law." *Chase v. Virgin Islands Port Auth.*, 3 F. Supp. 2d 641, 643 (D.V.I. 1998); 1 V.I.C. § 4.

3

> of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Restatement (Second) of Contracts § 302 (1981).

The multiple references to WAPA in Foy's contract with Ambient and the fact that WAPA was to benefit from Foy's employment tends to show that it was an intended beneficiary of the agreement. On the other hand, the comprehensive language of the arbitration provision does not include WAPA as a beneficiary of that part of the contract. Ambient's attempt to make the ambit of the arbitration provision as broad as possible actually limited it. The arbitration provision specifically lists the entities with whom Foy agreed to arbitrate. WAPA is not included in the list, explicitly or implicitly. Consequently, because the contract specifically identified those parties with whom Foy agreed to arbitrate disputes arising under the contract, any other person or entity was excluded. Foy did not agree to arbitrate with anyone not listed. Thus, even though WAPA is an intended beneficiary of the employment contract, the contract does not recite and the parties did not intend WAPA to be a third party beneficiary of the arbitration provision.

### The Federal Arbitration Act Preempts 24 V.I.C. § 74a

Foy contends that the arbitration provision is unenforceable because the defendants failed to comply with 24 V.I.C. § 74a. He cannot rely on § 74a because it is preempted by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"). *See Edwards v. Hovensa, L.L.C.*, 497 F.3d 355 (3d Cir. 2007).

The FAA mandates that agreements to arbitrate "shall be valid, irrevocable, and

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  However, "when state or territorial laws, of legislative or judicial origin, are applicable to arbitration agreements alone, they do not comport with 9 U.S.C. § 2."  Thus, special laws or rules directed solely at arbitration provisions that conflict with the FAA are invalid and pre-empted. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987).

Section 74a applies only to arbitration agreements. It provides that "[n]otwithstanding an employment contract that provides for the use of arbitration . . .arbitration may be used to settle a dispute only if: (1) the employer or employee submits a written request after the dispute arises to the other party to use arbitration; and (2) the other party consents in writing. . . ."  24 V.I.C. § 74a(a)

Contrary to Foy's assertion, the statute does not merely provide procedural guidance for the enforcement of arbitration provisions. It permits a party to renege on the arbitration agreement by withholding consent once the agreement is invoked by the other party.  In short, the statute gives one party to the contract the right to unilaterally abrogate the contract.

Section 74a(b) invalidates all arbitration provisions that are required "as a condition of employment."  Because § 74a declares all arbitration provisions unfair to the employee, it is contrary to the FAA.  Therefore, the arbitration agreement as to IDE and Tramer will be enforced.

## Conclusion

Foy's employment agreement with Ambient contained a valid and enforceable arbitration provision.  Because IDE, as Ambient's parent, and Tramer, as an officer and employee of Ambient, are covered by the arbitration agreement, they can enforce the

provision. However, because it is not an intended beneficiary of the provision, WAPA cannot enforce it. Therefore, the motion to compel arbitration as to IDE and Tramer will be granted, and will be denied as to WAPA.

      /s Timothy J. Savage      
      TIMOTHY J. SAVAGE, J.